**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

CHARMANE BUTLER                                    CIVIL ACTION NO. 09-0427

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

JOHN E. POTTER, POSTMASTER                         MAGISTRATE JUDGE HORNSBY
GENERAL, UNITED STATES POSTAL
SERVICE

**MEMORANDUM RULING**

Before this Court is a Motion for Summary Judgment (Record Document 20) filed

by Defendant John E. Potter, Postmaster General ("Potter").  Potter seeks dismissal of all

of Plaintiff Charmane Butler's  ("Butler") disability discrimination claims.  See id.

Summary judgment "should be rendered if the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of law."  F.R.C.P.

56(c)(2).  The burden of proof in a summary judgment proceeding is on the party moving

for summary judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S.Ct. 2548,

2556 (1986).  If the motion is properly made, the non-movant "must set forth facts showing

that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250,

106 S.Ct. 2505, 2511 (1986).  Additionally, Local Rule 56.1 requires the moving party to

file a statement of material facts as to which he contends there is no genuine issue to be

tried.  All material facts set forth in the statement required to be served by the moving party

"will be deemed admitted, for purposes of the motion, unless controverted as required by

this rule."  Local Rule 56.2.

Here, the Court issued a "Notice of Motion Setting" (Record Document 21) giving

Butler fourteen (14) calendar days from July 6, 2010 to file an opposition to Potter's Motion for Summary Judgment.  To date, she has failed to file such opposition.  Thus, because the material facts set forth by Potter (Record Document 20-4) have not been controverted, there remain no genuine issues of material fact for trial.  Specifically, Butler failed to controvert the summary judgment evidence presented by Potter, which establishes that Butler is not a "qualified" individual with a disability under the Rehabilitation Act; that she has not identified others who were similarly situated but outside her protected class and who were treated more favorably; and that her allegations fail to establish that the alleged harassment affected a term, condition, or privilege of her employment.

Accordingly, the Court finds that summary judgment in favor of Potter is proper as a matter of law and all of Butler's disability discrimination claims are hereby **DISMISSED**. A judgment consistent with the terms of this Memorandum Order shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of September, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE